IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JUSTIN CORDERO MILLAN,

      Appellant,

 v.                                 Case No. 5D17-2136

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed May 11, 2018

3.850 Appeal from the Circuit Court
for Orange County,
A. James Craner, Judge.

Kenneth C. Gallagher, Orlando,
for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Douglas T. Squire,
Assistant Attorney General, Daytona
Beach, for Appellee.


PER CURIAM.

      Appellant, Justin Millan, seeks review of the trial court's "Order Granting 'Motion

for Reconsideration and/or Rehearing' and Order Denying Defendant's 'Motion for Post-

Conviction Relief' and Order Denying 'Second Amended Motion for Post-Conviction

Relief Pursuant to Florida Rule of Criminal Procedure 3.850.'" We reverse, in part,

because Millan was effectively denied the opportunity to amend certain postconviction claims as a result of his attorney filing a motion in the wrong case.

In case number 2008-CF-8067, Millan pled to one count of lewd and lascivious battery. Pursuant to his plea agreement, Millan was placed on sex offender probation for six years as a Youthful Offender. He was later charged with violating his probation by committing new law violations (several lewd and lascivious batteries). After an evidentiary hearing, the trial court found that Millan had violated his probation and sentenced Millan to fifteen years in prison. This court affirmed the trial court's finding that Millan had violated his probation, but reversed and remanded Millan's sentence so that it could be amended to reflect that Millan was sentenced as a Youthful Offender. *See Millan v. State*, 135 So. 3d 382 (Fla. 5th DCA 2014).

The State also charged Millan in a separate case, 2012-CF-1984, with three counts of lewd and lascivious battery. These charges arose from allegations that had also been the basis for some of the new law violations found to have been committed by Millan in his violation of probation case. After a jury trial, Millan was convicted on all three counts and sentenced to concurrent terms of fifteen years' incarceration, with said sentences running consecutive to his sentence in 2008-CF-8067. These convictions and sentences were per curiam affirmed by this court. *See Millan v. State*, 145 So. 3d 862 (Fla. 5th DCA 2014).

Millan, through postconviction counsel, timely filed his initial Florida Rule of Criminal Procedure 3.850 motion in case number 2008-CF-8067. By order dated February 14, 2017, the trial court struck postconviction claims 2, 3, 4(a), and 4(b), as facially insufficient. The trial court provided Millan sixty days in which to file an amended

motion. Having received no amended motion within the sixty-day window, the trial court proceeded to address the merits of Millan's remaining claims (claims 1 and 4(c)).

In May 2017, Millan's postconviction counsel filed a motion for reconsideration and/or rehearing, asserting that because of a calendaring error, counsel had failed to file a timely amended postconviction motion. Millan's counsel then filed a "Second Amended Motion for Post-Conviction Relief." The trial court agreed to consider the "Second Amended Motion for Post-Conviction Relief," after stating "the Court will hear the untimely "Second Amended Motion for Post-Conviction Relief . . . in fairness to Defendant as the untimeliness was through no fault of Defendant." The trial court proceeded to deny the claims set forth in the Second Amended Motion for Post-Conviction Relief because the claims related to events occurring in case number 2012-CF-1984.

It is evident from the record that counsel misfiled the "Second Amended Motion for Post-Conviction Relief." Although the 2008-CF-8067 case number had been affixed to the motion, the factual recitations in the motion referenced matters occurring in case number 2012-CF-1984. As a result of counsel's errors, a motion amending claims 2, 3, 4(a), and 4(b) of the initial postconviction motion filed in case number 2008-CF-8067 has yet to be filed. On remand, the trial court is to afford Millan an additional thirty days in which to file an amended motion for postconviction relief as to claims 2, 3, 4(a) and 4(b). We affirm the trial court's order denying claims 1 and 4(c) of the initial motion for postconviction relief.

AFFIRMED, in part; REVERSED, in part; and REMANDED.


SAWAYA, TORPY and EVANDER, JJ., concur.

3